UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESUS GEORGE AYALA,<br><br>                Plaintiff,<br><br>   v.<br><br>JOSH TEWALT; HENTY ATENCIO; ALBERTO RAMIREZ; KEITH YORDY; CPL. SHABER; CPL. LOMBARDI; SGT. CASE; SGT. BLANCHARD; SGT. MARTIN; SGT. BAROSO; C.O. McARTHUR; CPL. DUTTER; C.O. CAMPBELL; LT. R. WINTER; LT. EUGENE CLARK; SGT. SEELY; and JOHN DOES I-III, sued in their individual capacities,<br><br>                Defendants. | Case No. 1:19-cv-00107-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Jesus George Ayala is a prisoner proceeding pro se in this civil rights action. The Court previously reviewed Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See* Dkt. 14.

Plaintiff has now filed a Second Amended Complaint ("SAC"). *See* Dkt. 17. The Court retains its screening authority pursuant to 28 U.S.C. § 1915A(b). Having screened the SAC, the Court enters the following order allowing Plaintiff to proceed on some of his claims.

**1.    Screening Requirement**

As the Court explained in its Initial Review Order, the Court must dismiss a prisoner

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## 2. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

## 3. Factual Allegations

Plaintiff is in the custody of the Idaho Department of Correction ("IDOC") and is currently incarcerated at the Idaho State Correctional Center. At the times relevant to Plaintiff's claims, he was incarcerated at the Idaho State Correctional Institution ("ISCI"). Plaintiff is multi-racial and homosexual, making him particularly likely to be attacked by members of the Aryan Knights or the Severely Violent Criminals, two prisons gangs at ISCI. *See* SAC, Dkt. 17, at 4, 8. Plaintiff's claims in this action arise from two incidents in which he was attacked and injured by prison gang members.

In April 2017, while he was housed in Unit 14, Plaintiff "approached Defendant Shaber and indicated [Plaintiff] needed protection" from inmates who were members of these prison gangs. *Id*. at 3. Defendant Shaber took no action other than to "order[] Plaintiff to return to his housing tier." *Id*. On April 17, 2017, after Plaintiff had notified Shaber that he feared for his safety, Plaintiff was seriously injured in an attack by inmate Chandler Palmer. *Id*. at 3. Plaintiff refers to this incident as the "first attack."

After the first attack, Plaintiff was taken to segregation, where he stayed for a short period of time. But he was soon placed back in Unit 14.

Plaintiff then advised Defendants Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, and Dutter—as well as three unidentified correctional officers—that Plaintiff was at risk for another attack. *Id*. at 7–10. Plaintiff did so either by speaking directly to these Defendants or by filling out a form requesting protective custody. *Id*.

Nevertheless, Plaintiff was not immediately removed from Unit 14, nor was he placed in protective custody. On April 26, 2017, Plaintiff was again attacked and seriously injured, this time by inmate McKutcheon. *Id*. at 5. Plaintiff refers to this incident as the "second attack."

Plaintiff alleges that Unit 14—where both attacks took place—is designed for 190 inmates but that, at the time of the attack, there were 254 inmates on the unit. Plaintiff also states that these inmates were supervised by five correctional officers: one per unit, as well as an additional officer who "walked through the four tiers once per hour on an irregular basis." *Id*. at 12.

Plaintiff brings claims under both federal and state law. He seeks monetary, injunctive, and declaratory relief.

**4. Discussion**

*A. Section 1983 Claims*

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Plaintiff claims that Defendants have violated the Eighth Amendment to the United States Constitution, which protects prisoners against cruel and unusual punishment. To state a claim under the Eighth Amendment, a plaintiff must show that he is (or was) "incarcerated under conditions posing a substantial risk of serious harm," or that he has been deprived of "the minimal civilized measure of life's necessities" as a result of Defendants' actions. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks omitted). An Eighth Amendment claim requires a plaintiff to satisfy "both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681

F.3d 978, 985 (9th Cir. 2012), *overruled in part on other grounds by Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014) (en banc).

To rise to the level of an Eighth Amendment violation, the deprivation alleged must be objectively sufficiently harmful, *Farmer*, 511 U.S. at 834, or, in other words, sufficiently "grave" or "serious," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

With respect to the subjective prong of an Eighth Amendment analysis, a defendant acts with deliberate indifference only if the defendant (1) was aware of the risk to the prisoner's health or safety, and (2) deliberately disregarded that risk. *Farmer*, 511 U.S. at 837. Prison officials who actually knew of a substantial risk will not be liable under § 1983 "if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844. Mere negligence is not sufficient to establish deliberate indifference; rather, the official's conduct must have been wanton. *Id.* at 835.

Prison officials who act with deliberate indifference "to the threat of serious harm or injury" by one prisoner against another are subject to liability under § 1983. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). "Having incarcerated persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, having stripped them of virtually every means of self-protection and foreclosed their access to outside aid, the government and its officials are not free to let the state of nature take its course." *Farmer*, 511 U.S. at 833 (internal quotation marks, citation, and alterations

omitted). Although even an obvious danger does not result in liability if the official is not subjectively aware of it, a prison official cannot "escape liability for deliberate indifference by showing that, while he was aware of an obvious, substantial risk to inmate safety, he did not know that the complainant was especially likely to be assaulted by the specific prisoner who eventually committed the assault." *Id.* at 843.

   i. <u>Defendant Shaber</u>

The SAC states a plausible Eighth Amendment claim against Defendant Shaber based on the first attack. Plaintiff advised Shaber that he believed he would be attacked by prison gang members, but Shaber took no action. This is sufficient to support a reasonable inference that Shaber acted with deliberate indifference to a substantial risk of serious harm.

   ii. <u>Defendants Winter, Seely, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, and Dutter</u>

The SAC also states plausible Eighth Amendment claims—based on the second attack—against Defendants Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, and Dutter. Plaintiff alleges that he informed these Defendants of the risk of harm presented by prison gang members, yet these Defendants did not act to remove Plaintiff from Unit 14. This is sufficient to state a colorable deliberate indifference claim.

However, Plaintiff has not stated a plausible Eighth Amendment claim against Defendant Winter or Defendant Seely. Though Plaintiff alleges he notified the other Defendant correctional officers of the risk posed by prison gang members, he does not allege the same with respect to Winter or Seely. Rather, the SAC states only that these two

Defendants "were actually or constructively aware" of the risk to Plaintiff and that they "failed to reasonably act or respond" to that risk. SAC at 6. These vague and generalized allegations do not permit a reasonable inference that Winter or Seely knew of a substantial risk of serious harm to Plaintiff. *See Iqbal*, 556 U.S. at 678.

        iii.        <u>Defendants Tewalt, Atencio, Ramirez, and Yordy</u>

Plaintiff asserts Eighth Amendment claims not only against the correctional officers whom he actually notified about his fears, but also against the following supervisors: Josh Tewalt, the current director of the IDOC; Henry Atencio, the former director of the IDOC; Alberto Ramirez, the current warden of ISCI; and Keith Yordy, the former warden of ISCI. The SAC does not allege that, prior to the attacks, these Defendants were (1) directly informed of Plaintiff's fears and requests for protective custody, or (2) subjectively aware of a substantial risk of serious harm particular to Plaintiff. Instead, Plaintiff contends that (1) these Defendants' actions or inaction with respect to their training and supervision duties violated the Eighth Amendment's protection of inmate safety, and (2) this alleged lack of adequate training and supervision led to the two attacks against Plaintiff.

Prison officials generally are not liable for damages in their individual capacities under § 1983 unless they personally participated in the alleged constitutional violations. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Iqbal*, 556 U.S. at 677 ("[E]ach Government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Section 1983 does not allow for recovery against an employer or principal simply because an employee or agent committed misconduct. *Taylor*, 880 F.2d at 1045. However, "[a] defendant may be held liable as a supervisor under § 1983 'if there exists ...

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 7

a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)).

A plaintiff can establish this causal connection by alleging that a defendant (1) "set[] in motion a series of acts by others"; (2) "knowingly refus[ed] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury"; (3) failed to act or improperly acted in the training, supervision, or control of his subordinates"; (4) "acquiesc[ed] in the constitutional deprivation"; or (5) engag[ed] in "conduct that showed a reckless or callous indifference to the rights of others." *Id*. at 1205-09. A plaintiff may also seek injunctive relief from officials who have direct responsibility in the area in which the plaintiff seeks relief. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 (9th Cir. 1999).

A claim that a supervisor or training official failed to adequately train subordinates ordinarily requires that, "in light of the duties assigned to specific officers or employees[,] the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the [supervisor or training official] can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 390 (1989). That is, to maintain a failure-to-train claim, a plaintiff must allege facts showing a "pattern of violations" that amounts to deliberate indifference. *Connick v. Thompson*, 563 U.S. 51, 72 (2011).

Likewise, "a failure to supervise that is sufficiently inadequate may amount to deliberate indifference" that supports a § 1983 claim, but there generally must be a pattern

of violations sufficient to render the need for further supervision obvious. *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (internal quotation marks omitted). That is, if a supervisory or training official had "knowledge of the unconstitutional conditions" through such a pattern of violations—including knowledge of the "culpable actions of his subordinates"—yet failed to act to remedy those conditions, that official can be said to have acquiesced "in the unconstitutional conduct of his subordinates" such that a causal connection between the supervisor and the constitutional violation is plausible. *Starr*, 652 F.3d at 1208.

The SAC alleges that previous incidents of inmate-on-inmate violence—particularly with respect to prison gang members—placed the four supervisor-defendants on notice that their training and supervision of their subordinates violated the Eighth Amendment. But the SAC identifies only three such attacks in recent years. *See* SAC at 4. Given the high number of inmates incarcerated in Idaho's prison system, three incidents do not constitute a "pattern of violations" sufficient to state a plausible Eighth Amendment claim of constitutionally inadequate training or supervision. *Connick*, 563 U.S. 72. Though Plaintiff identifies additional attacks against one other inmate, those attacks took place eight to ten years before Plaintiff was attacked. *See* SAC at 4. Such a long period between attacks does not give rise to a reasonable inference that "the need for more or different training [was] so obvious, and the inadequacy so likely to result in the violation of constitutional rights," that Defendants Tewalt, Atencio, Ramirez, or Yordy can be said to have been deliberately indifferent to that need. *City of Canton*, 489 U.S. at 390.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 9

However, because Defendant Tewalt appears to have direct responsibility in the area of inmate safety, Plaintiff may proceed against Defendant Tewalt on his Eighth Amendment claims for injunctive relief only.[1] *See Rounds*, 166 F.3d at 1036.

### B.     *State Law Claims*

In addition to § 1983 claims, Plaintiff brings Idaho state law claims of negligence and negligent infliction of emotional distress. The elements of a negligence claim under Idaho law are "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 255 P.3d 1166, 1169 (Idaho 2011). In addition to these four elements, a plaintiff asserting negligent infliction of emotional distress must also show that he suffered "a physical manifestation of the … emotional injury, which is designed to provide a degree of genuineness that claims of mental harm are not imagined." *Frogley v. Meridian Joint Sch. Dist. No. 2*, 314 P.3d 613, 624 (Idaho 2013).

For the same reasons set forth above with respect to Plaintiff's Eighth Amendment claims, the SAC states plausible negligence claims against Defendants Shaber, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, and Dutter, assuming that Plaintiff complied with the provisions of the Idaho Tort Claims Act. *See* Idaho Code §§ 6-

---

[1] Because Plaintiff is no longer incarcerated at ISCI, his injunctive relief claims against the warden of that facility are moot. *See Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) ("Johnson was transferred to a federal correctional facility in Washington. Because he has demonstrated no reasonable expectation of returning to [his previous correctional facility], his claims for injunctive relief relating to [that facility's] policies are moot.").

901 through 6-929. The Court will exercise supplemental jurisdiction over those negligence claims. *See* 28 U.S.C. § 1367.

Plaintiff may not proceed, however, on his claims of negligent infliction of emotional distress. Though Plaintiff asserts that he suffered both physical and emotional injuries from the attacks, he does not allege that the emotional injuries themselves caused a physical manifestation. *See Frogley*, 314 P.3d at 624.

### C. *Doe Defendants*

Although the use of "Doe" to identify a defendant is not favored, flexibility is allowed in some cases where the identity of the parties will not be known prior to filing a complaint but can subsequently be determined through discovery. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). If the true identity of any of the Doe Defendants comes to light during discovery, Plaintiff may move to further amend his Complaint to assert claims against those Defendants.

**CONCLUSION**

Plaintiff may proceed as outlined above. This Order does not guarantee that any of Plaintiff's claims will be successful. Rather, it merely finds that some are plausible, meaning that they will not be summarily dismissed at this time but should proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendants may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion. Because (1) prisoner filings must be afforded a liberal construction, (2) prison officials often possess the evidence prisoners need to

support their claims, and (3) many defenses are supported by incarceration records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting defenses such as non-exhaustion or entitlement to qualified immunity. In such instances, the parties may be required to exchange limited information and documents directly relevant to the defense at issue.

Plaintiff will be responsible for serving a summons and the SAC upon Defendants, either by formal service of process or by obtaining signed waivers of service of summons from each Defendant or their counsel; Plaintiff must do so within 90 days. If he does not, his claims against any unserved Defendants will be dismissed without prejudice, after notice to Plaintiff. *See* Fed. R. Civ. P. 4(m).

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Enlargement of Time (Dkt. 15) is GRANTED.

2. Plaintiff's Motion to Review the Second Amended Complaint (Dkt. 18) is GRANTED.

3. Plaintiff may proceed on his Eighth Amendment and negligence claims, for damages and injunctive relief, against Defendants Shaber, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, and Dutter. He may also proceed on his Eighth Amendment claims against Defendant Tewalt, for injunctive relief only. All other claims against all other Defendants—including Plaintiff's claims of negligent infliction of emotional

        distress and his claims for declaratory relief[2]—are DISMISSED. If Plaintiff later discovers facts sufficient to support a claim that has been dismissed, Plaintiff may move to further amend the SAC to assert such claims.

4.     All Defendants other than Defendants Shaber, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, Dutter, and Tewalt are TERMINATED as parties to this action.

5.     Within 90 days after entry of this Order, Plaintiff must obtain a waiver of service from, or effect formal service of process of the SAC upon, Defendants Shaber, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, Dutter, and Tewalt.

6.     The Clerk of Court will provide Plaintiff with (a) issued summonses for service of process upon Defendants Shaber, Lombardi, Blanchard, McArthur, Clark, Campbell, Case, Martin, Baroso, Dutter, and Tewalt; and (b) eleven copies of the Notice of a Lawsuit and Request to Waive Service of Summons. If Defendants do not waive service, Plaintiff is responsible for effecting formal service of process upon them.

7.     Pursuant to General Order 324, this action is hereby returned to the Clerk of Court for random civil case assignment to a presiding judge, on the

---

[2] The Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity absent a waiver of state sovereign immunity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Although the Eleventh Amendment permits suits for prospective injunctive relief filed against state officials, *see Ex Parte Young*, 209 U.S. 123, 157-58 (1908), it does not permit "judgments against state officers declaring that they violated federal law in the past." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993). Thus, Defendants are immune from Plaintiff's declaratory relief claims.

proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 9, 2019

_____
David C. Nye
Chief U.S. District Court Judge